A. L. STEIDL v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

February 17, 1905.

Nos. 14,037—(65).

**Bill of Lading.**

Where the bill of lading issued by the initial carrier for goods to be transported over several connecting lines of railroad, and which may be forwarded over different lines to the place of destination, contains no directions or agreement on the subject, the right to designate the route of transportation rests, by implication of law, with the carrier, and becomes a part of the contract.

**Selecting Connecting Carrier.**

The right is not absolute or inalienable, however, and the contract in this respect may be changed or modified by subsequent parol agreement between the shipper and the carrier.

**Evidence.**

The evidence is examined, and *held* to sustain the verdict of the jury to the effect that such an agreement was made between the parties in the case at bar, and that it was founded upon a sufficient consideration, and its violation by defendant entitled plaintiff to damages.

Action in the district court for Carver county to recover $200 for breach of contract for the transportation of a carload of potatoes. The action was based upon a written bill of lading as modified by an alleged subsequent parol agreement. The case was tried before Cadwell, J., and a jury, which rendered a verdict in favor of plaintiff for $127.38. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Albert E. Clarke,* for appellant.

*Steidl & Houston,* for respondent.

BROWN, J.

The facts in this case are as follows: Plaintiff shipped a carload of potatoes from Perham, Minnesota, over the Northern Pacific Railway, consigned to himself at Oskaloosa, Iowa. At the time of the shipment the agent of the Northern Pacific Railway Company issued and deliv-

[1] Reported in 102 N. W. 701.

ered to him the usual bill of lading, which contained no stipulations or directions as to the route over which the car should be forwarded from Minneapolis, the terminus of the Northern Pacific line. To reach Oskaloosa it was necessary that the car be transported from Minneapolis over defendant's line as far, at least, as Albert Lea, this state. From there it might be sent over defendant's line to Angus, Iowa, thence over the Chicago, Rock Island & Pacific road to Oskaloosa; or from Albert Lea over the Burlington, Cedar Rapids & Northern road to Columbus Junction, and thence to Oskaloosa; or by way of the Iowa Central from Manly Junction to the point of destination. Prior to the time the car reached Minneapolis over the Northern Pacific line, plaintiff claims that he called on the assistant general freight agent of defendant, and entered into an agreement with him to send the car over the Minneapolis & St. Louis line to Angus, Iowa, thence over the Rock Island road to Oskaloosa.

It is claimed by plaintiff that the purpose in having the car so shipped by way of Angus was that he might at some point on the Minneapolis & St. Louis line south of Albert Lea stop the car, and make a sale of the potatoes; and that this purpose was communicated to and understood by defendant's agent at the time he agreed to send the car over that line. It is further claimed that, disregarding the agreement, defendant forwarded the car from Albert Lea over the Burlington, Cedar Rapids & Northern road, and that in consequence plaintiff was compelled to dispose of his potatoes at a price much less than he would have received for them had they been forwarded over the St. Louis line by way of Angus, and had been disposed of at points on that line. He brought this action to recover the difference between what he in fact received and what he could have sold them for on the other line. The trial court instructed the jury that, if they found that such an agreement was made, plaintiff was entitled to recover as claimed in his complaint. A verdict was returned for plaintiff, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The principal question presented for consideration is whether the evidence sustains the claim of plaintiff that defendant agreed to forward the car over its line to Angus, delivering it at that point to the Chicago, Rock Island & Pacific Company. It is well settled that the owner of

goods delivered to a common carrier for shipment may intercept them on their journey, and demand the delivery thereof to him at any reasonable point on the carrier's line short of the original destination, upon payment of the transportation charges, and surrendering, or offering to surrender, the bill of lading for cancellation.   Hutchinson, Car. §§ 337, 338; Ryan v. Great Northern Ry. Co., 90 Minn. 12, 95 N. W. 758.  The rule applies to all connecting carriers into whose possession the goods may come in the course of transportation.   Sutherland v. Second National, 78 Ky. 250.  This right plaintiff possessed in the case at bar, and if the car had been sent over defendant's line to Angus he could have intercepted it at any station, claimed his potatoes, and sold them; and if a valid agreement was made by the parties to so forward them, it was violated by defendant, and plaintiff is entitled to recover the damages sustained by him in consequence of the violation.  6 Cyc. 383.  So the case narrows down to the question whether the evidence is sufficient to sustain the verdict of the jury to the effect that a valid agreement was entered into.

The bill of lading issued by the Northern Pacific Company was by its terms made the contract between plaintiff and all connecting carriers into whose possession the car might come in the course of transportation.  But it contained no directions or stipulations as to the route over which it should be forwarded from Minneapolis, and by implication arising from the relations between the parties and the silence of the contract on the subject the right to forward the car over any usual and customary route rested with the defendant upon delivery to it for transportation.  Snow v. Indiana, 109 Ind. 422, 9 N. E. 702.  But the right was not an absolute or inalienable one.  It could be waived or surrendered by an agreement subsequently entered into.  4 Am. & Eng. Enc. (2d Ed.) 545; Atwell v. Miller, 11 Md. 348.  The case in this respect comes within the general rule that written contracts not falling within the statute of frauds may be changed or modified by subsequent parol agreement founded upon a sufficient consideration.  9 Cyc. 763. The trial court submitted to the jury the question whether an agreement as claimed was entered into by the parties, and they found in plaintiff's favor to the effect that the agreement was made.  A discussion of the evidence upon the question would serve no useful purpose, and we refrain.   It is conflicting, and it is sufficient to say that we have ex-

amined it carefully, and reach the conclusion that it supports the verdict.

The contention of defendant's counsel that, conceding the agreement to have been made, it is void for want of consideration, and in that it varied the terms of the bill of lading, is not sound. The bill of lading, by its terms, provided, in effect, that it should constitute the contract, not only between plaintiff and the Northern Pacific Company, but also between plaintiff and all connecting carriers over whose lines the car might be forwarded in reaching its destination. The agreement relied upon by plaintiff was made subsequent to the original contract with the Northern Pacific Company before the car had been delivered to defendant, and at a time when plaintiff could have surrendered the bill of lading to the latter company and demanded a delivery of the property. The case does not come within the rule that contracts cannot be varied by parol. It was a subsequent transaction, and, if founded upon a sufficient consideration, was valid and binding between the parties, and operated to ingraft upon the original contract the terms of the parol agreement. The right of defendant to designate the route of transportation was merely incidental to forwarding the car, and no particular consideration other than the freight charges to be received for its services was necessary. It was within the authority of the agent to bind the company by the agreement.

We have considered all the assignments of error urged in the brief of appellant, and find no reason for reversing the order appealed from, and it is affirmed.

Order affirmed.